# NO. 12-15-00131-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ERIC CLARK ALLEN,* *APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Eric Clark Allen appeals his convictions for thirteen counts of possession or promotion of child pornography. In one issue, Appellant argues that the trial court erred by overruling his motion to suppress evidence. We affirm.

### BACKGROUND

School resource officer Mike Jenkins was providing security for a Huntington Middle School basketball game when a coach from the opposing team approached him regarding Appellant's presence at the game. The coach informed Officer Jenkins that Appellant had received a criminal trespass warning from a nearby school district for taking inappropriate pictures of the cheerleaders and other students. The coach said his own school district had banned Appellant from its campus as well. Officer Jenkins did not make contact with Appellant that night.

The next night, Appellant appeared at the Huntington High School basketball game. Officer Jenkins watched him come into the gymnasium and sit near the top of the student section. He moved to a better position so he could keep an eye on Appellant. Officer Jenkins noticed that Appellant had his cell phone out almost the entire time and did not appear to be watching the game. After the game ended and most people were leaving, Appellant went behind

the student section where a number of cheerleaders and other students were gathered. Officer Jenkins asked to speak with Appellant outside. While speaking with Appellant, Officer Jenkins obtained his phone and discovered pornographic pictures of children on it.

Appellant was charged with thirteen counts of possession or promotion of child pornography. He filed a motion to suppress evidence, claiming that Officer Jenkins violated his constitutional rights in searching his phone. After a hearing, the trial court denied the motion to suppress. Appellant then pleaded "no contest," and the matter proceeded to a bench trial on punishment. The trial court assessed his punishment at imprisonment for seven years for each offense. This appeal followed.

## MOTION TO SUPPRESS

In his sole issue, Appellant argues that the trial court erred in denying his pretrial motion to suppress because the search of his cell phone was conducted without a warrant, without probable cause, and in violation of his right to privacy under the United States and Texas Constitutions.

### Standard of Review

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Hubert v. State*, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). A trial court's decision to grant or deny a motion to suppress is generally reviewed under an abuse of discretion standard. *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008). We give almost total deference to a trial court's determination of historical facts, especially if those determinations turn on witness credibility or demeanor, and review de novo the trial court's application of the law to facts not based on an evaluation of credibility and demeanor. *Neal v. State*, 256 S.W.3d 264, 281 (Tex. Crim. App. 2008). When deciding a motion to suppress evidence, a trial court is the exclusive trier of fact and judge of the witnesses' credibility. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). Accordingly, a trial court may choose to believe or disbelieve all or any part of a witness's testimony. *See State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).

When a trial court does not make express findings of fact, we view the evidence in the light most favorable to the trial court's ruling and assume the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record. *Lujan v. State*,

331 S.W.3d 768, 771 (Tex. Crim. App. 2011). Therefore, the prevailing party is entitled to "the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence." *State v. Castleberry*, 332 S.W.3d 460, 465 (Tex. Crim. App. 2011). When all evidence is viewed in the light most favorable to the trial court's ruling, an appellate court is obligated to uphold the ruling on a motion to suppress if that ruling was supported by the record and was correct under any theory of law applicable to the case. *See Ross*, 32 S.W.3d at 856; *Carmouche*, 10 S.W.3d at 327; *State v. Ballard*, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999).

**Analysis**

The State does not argue that Officer Jenkins had a warrant or probable cause to search Appellant's phone. Rather, it contends that Appellant voluntarily consented to the search.

Consent to search is one of the well established exceptions to the constitutional requirements of both a warrant and probable cause. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S. Ct. 2041, 2043-44, 36 L. Ed. 2d 854 (1973); *State v. Ibarra*, 953 S.W.2d 242, 243 (Tex. Crim. App. 1997). "The Fourth Amendment test for a valid consent to search is that the consent be voluntary, and '[v]oluntariness is a question of fact to be determined from all the circumstances.'" *Ohio v. Robinette*, 519 U.S. 33, 40, 117 S. Ct. 417, 421, 136 L. Ed. 2d 347 (1996) (quoting *Schneckloth*, 412 U.S. at 248-49, 93 S. Ct. at 2059).

In order to be valid, the consent must "not be coerced, by explicit or implicit means, by implied threat or covert force." *Schneckloth*, 412 U.S. at 228, 93 S. Ct. at 2048; *Carmouche*, 10 S.W.3d at 331; *see also Allridge v. State*, 850 S.W.2d 471, 493 (Tex. Crim. App. 1991) ("The consent must be shown to be positive and unequivocal, and there must not be any duress or coercion."). By the same token, consent is not established by "showing no more than acquiescence to a claim of lawful authority." *Bumper v. North Carolina*, 391 U.S. 543, 548, 88 S. Ct. 1788, 1792, 20 L. Ed. 2d 797 (1968) (consent not voluntary where officer falsely represented he had valid search warrant).

Although the federal constitution requires only that the state prove the voluntariness of consent by a preponderance of the evidence, the Texas Constitution requires the state to show by clear and convincing evidence that the consent was freely given. *See Ibarra*, 953 S.W.2d at 245. The trial court must look at the totality of the circumstances surrounding the statement of consent to determine whether consent was given voluntarily. *Reasor v. State*, 12 S.W.3d 813, 818 (Tex. Crim. App. 2000). If the record supports a finding by clear and convincing evidence that consent

3

to search was free and voluntary, we will not disturb that finding. *Carmouche*, 10 S.W.3d at 331.

At the hearing on Appellant's motion to suppress, Officer Jenkins testified that he asked Appellant if he would step outside the gymnasium for privacy. Appellant complied, and Officer Jenkins spoke with him in the front seat of his patrol car. Officer Jenkins explained to Appellant that he wanted to see if he was taking inappropriate pictures of students on the campus. Officer Jenkins said Appellant then gave him consent to look through his phone. He said Appellant told him "yes, sir, you can look through my phone." Officer Jenkins said he did not show or display authority in order to get the phone from Appellant. He stated that Appellant voluntarily gave him the phone, with no coercion or force, and with no threat of arrest if he did not comply.

Appellant testified at the hearing for the limited purpose of establishing that there was no warrant. On direct examination, he responded affirmatively when asked if the police took his phone without showing him a warrant. On cross-examination, the State asked him to define the word "take." Appellant responded, "They tell me if I didn't give [Officer Jenkins] my cell phone they'll take me to jail." Appellant said he did not hand over the phone voluntarily.

Based on our review of the record, we conclude that the record supports the trial court's denial of the motion to suppress. The trial court's determination of the voluntariness of Appellant's consent turned on Appellant's and Officer Jenkins's credibility and demeanor. The trial court was the exclusive trier of fact and judge of the witnesses' credibility. *See Maxwell*, 73 S.W.3d at 281. Thus, it was free to believe Officer Jenkins's account of the events and disbelieve Appellant's. *See Ross*, 32 S.W.3d at 855. Based on Officer Jenkins's account of the circumstances surrounding Appellant's consent, the evidence supports a finding by clear and convincing evidence that the consent was free and voluntary. *See Robinette*, 519 U.S. at 40, 117 S. Ct. 417, 421; *Reasor*, 12 S.W.3d at 818. Having given due deference to the trial court's ruling, we hold that the trial court did not abuse its discretion by denying Appellant's motion to suppress. *See Ross*, 32 S.W.3d at 856. Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

GREG NEELEY
Justice

4

Opinion delivered November 30, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 30, 2015**

**NO. 12-15-00131-CR**

**ERIC CLARK ALLEN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 159th District Court

of Angelina County, Texas (Tr.Ct.No. 2014-0063)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*